<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re:<br><br>WILLIAM NATHANSON and<br>MADELYN NATHANSON<br><br>　　　　　　　Debtors.<br><br>──────────────────────────<br><br>BANK OF AMERICA, NA.,<br><br>　　　　　Plaintiff/Appellant,<br><br>　　v.<br><br>WILLIAM NATHANSON and<br>MADELYN NATHANSON<br><br>　　　　　Defendants/Appellees. | : : : : : : : : : : : : : : : : : : : : : | Civ. No. 09-4537 (GEB)<br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

　　This matter comes before the Court upon the appeal of Plaintiff/Appellant Bank of America, NA ("BoA") from the decision of United States Bankruptcy Judge Kathryn C. Ferguson to deny BoA's motion for reconsideration in the underlying Chapter 13 bankruptcy proceedings of Defendants/Appellees William and Madelyn Nathanson (the "Nathansons"). (Doc. No. 1.) The Nathansons have not filed opposition to BoA's present appeal. Despite that, having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, the Court will deny BoA's present appeal and affirm Judge Ferguson's decision.

**I.　　BACKGROUND**

BoA held a secured second mortgage on property owned by the Nathansons. (BoA Mot. Br. at p. 4; Doc. No. 7.) The Nathansons sought bankruptcy protection and filed a Chapter 13 Plan (the "Plan") on January 17, 2009. (Plan; Doc. No. 2-10.) Part 3(b) of the Nathanson's Plan, entitled "Secured Claims: Modification", plainly notes that Bank of America's roughly $60,000 secured scheduled debt on real property located at 909 Linden Avenue, Brick, NJ (the "Property") was usurped in the Plan by a superior lien. (*Id.*) Thus, the Plan stated that the value of a superior secured lien on the Property exceeded the value of the collateral, and as a result, BoA's lien had "no value." (*Id.*) BoA's lien was therefore "crammed-down" as that process is referenced in bankruptcy practice.

It is undisputed that BoA was timely – though improperly – served with a copy of the Plan at its Post Office Box in Greensboro, North Carolina. (BoA Mot. Br. at p. 4; Doc. No. 7.) Thereafter, BoA retained its present counsel. On March 9, 2009, two days before the Plan Confirmation Hearing, BoA's counsel filed a Notice of Objection to the Nathanson's Chapter 13 Plan. (BoA Not. of Objection; Doc. No. 10-2.) BoA's one-paragraph Objection stated that BoA, "hereby objects to the confirmation of the debtors' proposed Chapter 13 Plain in the event the debtors fail to make the regular monthly mortgage payments to the Secured Creditor, outside of the Chapter 13 Plain, in accordance with the provisions of said plan . . . ." (*Id.*) Two days later, on March 11, 2009 at the Plan Confirmation Hearing, the Court disallowed BoA's written objection as untimely. (BoA Mot. Br. at p. 4; Doc. No. 7.) BoA's counsel was physically present at the March 11, 2009 Plan Confirmation Hearing, and made no objection or argument on any grounds whatsoever to Judge Ferguson's ruling. (Tr. Hr'g KCF 7/22/09 at p. 5.) The Nathanson's Chapter 13 Plan was then approved.

Subsequently, BoA filed a motion for reconsideration that asked Judge Ferguson to reconsider her decision pursuant to 11 U.S.C. § 502(j). (Doc. No. 2-11.) At a hearing held on July 22, 2009, Judge Ferguson denied BoA's motion for reconsideration on the record. (Tr. Hr'g KCF 7/22/09 at p. 6.) Thereafter, on November 11, 2009, BoA filed its present appeal in this Court pursuant to 28 U.S.C. 158, and therein argues that Judge Ferguson's July 22, 2009 decision was an abuse of discretion and must be reversed. (Doc. No. 7.)

**II      DISCUSSION**

BoA argues that Judge Ferguson's July 22, 2009 decision to deny BoA's motion for reconsideration of its claim is an abuse of discretion, as the confirmation of the Nathanson's Chapter 13 Plan, which resulted in the "cram-down" or elimination of BoA's secured claim, was effectively a denial of due process. The Court disagrees. In denying BoA's motion for reconsideration at the July 22, 2009 hearing, Judge Ferguson stated the following in pertinent part:

> Bank of America's motion for reconsideration, well, it's couched as a motion to reconsider its proof of claim, presumably to get around the fact that they didn't file a proper objection to confirmation or timely file a motion to reconsider the order confirming the plan. Even if the Court were to accept this end run the motion must still be denied.
>
> [11 U.S.C. § 502(j)] provides that a claim that has been allowed or disallowed may be reconsidered for cause and should be granted or denied according to the equities of the case. The equities of this case do not favor Bank of America. Preliminarily, Bank of America is correct in that it was not properly served with this Chapter 13 plan. Our local rules require that a plan that contains a motion to avoid a lien must be separately served on the creditor with a transmittal letter following local form 22.
>
> The debtors do not allege that the[y] sent such a transmittal letter.

3

> That's probably because the debtors improperly included the cram-down only in section 3 of the plan and did not also include it in section 6, which would have triggered the need to send the transmittal letter.
>
> All of this is academic, however, since Bank of America filed an objection to confirmation of the plan prior to the confirmation hearing. Bank of America did not request adjournment of the confirmation hearing because of improper service of the plan or raise improper service in its written objection.
>
> The objection was one of [BoA's counsel] Zucker, Goldberg's standard, hypothetical objections to confirmation, and in this instance the filing really hurts the bank. The filing of that objection waives any argument that the bank was unaware of the contents of the plan or the fact that the plan crammed Bank of America's claim down to zero. Their objection was not based on the cram-down and did not raise the issue they now attempt to raise, that there was sufficient equity in the property to support the mortgage. Bank of America's position is further hurt by the fact that their counsel appeared at the confirmation and did not object to the cram-down of their claim.
>
> The equities of this case simply do not allow the Court to grant this motion. . . . the motion to reconsider will be denied and the motion for stay relief will be denied on that basis.

(Tr. Hr'g KCF 7/22/09 at pp. 4-6.) In its present motion for reconsideration, BoA states that Judge Ferguson applied the correct legal standard – i.e., 11 U.S.C. § 502(j) – but her application reached a conclusion that constitutes an abuse of discretion. The Court disagrees.

    As Judge Ferguson correctly noted, § 502(j) allows a court to reconsider a claim if equity so demands. Here, Judge Ferguson's decision that equity did not demand reconsideration of BoA's claim is amply supported, and BoA's argument that due process is somehow implied rings hollow. In this case, BoA was served with a copy of the Nathanson's Chapter 13 Plan and subsequently retained counsel. In advance of the Plan Confirmation Hearing, their counsel filed

4

an objection that did not make the argument BoA made upon reconsideration to Judge Ferguson, and now makes before this Court. Perhaps most persuasively, BoA's counsel appeared at the Plan Confirmation Hearing, and even after its written objection was stricken as untimely, made no further objection. Finally, in the wake of the Plan's confirmation, BoA did not timely file a motion to reconsider the order confirming the Plan. In light of this procedural history, the Court concludes as Judge Ferguson did that equity does not favor the relief sought by BoA in its present motion. To conclude otherwise under the present facts would undermine *res judicata* principles. Here, it appears that with its present motion, BoA seeks a "second bite at the apple" after its initial nonfeasance regarding the Nathanson's Chapter 13 Plan. Under these circumstances, neither BoA's arguments under 11 U.S.C. § 502(j) nor regarding due process concerns are availing. As a result, BoA's present appeal will be denied, and Judge Ferguson's July 22, 2009 decision will be affirmed.

### III.   CONCLUSION

For the foregoing reasons, BoA's present appeal will be denied, and Judge Ferguson's July 22, 2009 decision will be affirmed. An appropriate form of order accompanies this memorandum opinion.

Dated: May 6, 2010

                                                      /s/ Garrett E. Brown, Jr.
                                        GARRETT E. BROWN, JR., U.S.D.J.